Citation Nr: 1829729 
Decision Date: 07/18/18 Archive Date: 07/24/18

DOCKET NO. 12-34 319 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Anchorage, Alaska


THE ISSUE

Entitlement to service connection for a bilateral foot disability, to include pes planus, plantar fasciitis, and heel spurs.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

M. Riley, Counsel 

INTRODUCTION

The Veteran served on active military service from April 1976 to March 1979. 

This case comes to the Board of Veterans' Appeals (Board) from a March 2012 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Anchorage, Alaska.

The Veteran testified before the undersigned Veterans Law Judge at the RO in May 2013. A transcript of the hearing is of record.

This case was previously before the Board in October 2015 and October 2017 when it was remanded for additional development. It has now returned to the Board for further appellate action.


FINDINGS OF FACT

1. The Veteran's bilateral pes planus is a congenital defect. 

2. The Veteran did not experience a superimposed disease or injury during active service that resulted in an additional disability or aggravation of his congenital bilateral pes planus. 

3. A chronic foot disability other than pes planus was not present in service, or until many years thereafter, and is not otherwise etiologically related to active military service.


CONCLUSION OF LAW

A chronic foot disability was not incurred in or aggravated by active military service. 38 U.S.C. § 1131 (2012); 38 C.F.R. §§ 3.303, 4.9 (2017)


REASONS AND BASES FOR FINDINGS AND CONCLUSION

As a preliminary matter, the Board finds that VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326; see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

The Veteran contends that service connection is warranted for a chronic disability of the feet, to include pes planus, plantar fasciitis, and bilateral heel spurs, as the disability was incurred due to injury during service. In the alternative, the Veteran contends that his service duties resulted in additional disability and aggravation of a pre-existing foot disability.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). See also Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed.Cir.2007). 

The Board finds that first element of service connection - the presence of a disability during the period on appeal - has been met. Private and VA treatment records document diagnoses of bilateral pes planus, plantar fasciitis, and heel spurs throughout the appeal period. These conditions were also diagnosed on VA examinations in February 2012, February 2016, and December 2017. 

The Board will first address the Veteran's bilateral pes planus before turning to the other diagnosed foot conditions. Based on a review of the record, the Board finds that the Veteran's pes planus is a congenital defect and was not incurred due to any incident of service. The only medical evidence supporting service connection for the Veteran's pes planus dates from a December 2012 note from his private podiatrist. The private podiatrist stated that "[a]ll current foot problem[s] . . . are related to service duties - due to concrete floor activity and special duties." There was further identification of the nature of these "special duties," nor any indication of what evidence was used to support the podiatrist's opinion, and no underlying rationale was presented in support of the opinion. In contrast, VA examiners in February 2012 and February 2016 determined that the Veteran's pes planus was congenital in nature. The February 2016 examiner also specifically characterized the condition as a congenital defect in an October 2017 addendum report. The VA examiners' conclusions are well-supported with reference to specific information in the claims file and are accompanied by fully explained and well-reasoned rationales. The Board therefore finds that the VA medical opinions are of greater probative weight in addressing the etiology of the Veteran's pes planus than the unsupported December 2012 private physician's report. See Nieves- Rodriguez v. Peake, 22 Vet. App. 295 (2008) (the probative value of a medical opinion comes from when it is the factually accurate, fully articulated, and sound reasoning for the conclusion, not the mere fact that the claims file was reviewed). 

The Board has also considered the testimony and statements of the Veteran that his pes planus was incurred due to injury during service, or in the alternative, was aggravated due to long periods of running, marching, and standing during active duty. The Board acknowledges the Veteran is competent to report events that occurred during service, but the Veteran is not competent to opine as to medical etiology or render medical opinions. Barr v. Nicholson, 21 Vet. App. 303 (2007); see Grover v. West, 12 Vet. App. 109, 112 (1999). His statements regarding whether pes planus is congenital or acquired simply cannot be accepted as competent evidence, and as such they carry little probative value. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-1377 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1131, 1336 (Fed. Cir. 2006). 

The weight of the evidence therefore establishes that the Veteran's pes planus is a congenital defect. Service connection is generally precluded by regulation for such "defects" because they are not "diseases" or "injuries" within the meaning of applicable legislation. 38 C.F.R. §§ 3.303(c), 4.9, 4.127; Terry v. Principi, 340 F.3d 1378, 1383-84 (Fed. Cir. 2003); Palczewski v. Nicholson, 21 Vet. App. 174, 179 (2007). Service connection may only be established for a congenital defect if there is evidence of additional disability due to aggravation of the congenital defect during service by superimposed disease or injury. See VAOPGCPREC 82-90; Monroe v. Brown, 4 Vet. App. 513, 514- 15 (1993); Carpenter v. Brown, 8 Vet. App. 240, 245 (1995); VAOPGCPREC 67-90; and VAOPGCPREC 11-99. Thus, service connection could be granted for the Veteran's pes planus if the evidence establishes he incurred additional disability during active duty service due to a superimposed disease or injury.

The Veteran contends that his pes planus was aggravated during service due to injuries associated with his service duties as a supply clerk and extended periods of standing, marching, heavy lifting, and wearing combat boots on concrete floors. After review of the record, the Board finds no evidence of any additional disability due to a superimposed injury during service. 

The contents of the Veteran's service and post-service medical records do not support his contentions that he incurred any additional disability or increase of his pes planus. Bilateral pes planus was noted on the March 1976 enlistment examination, but there is no evidence of treatment or complaints related to the condition during active duty. The Veteran was diagnosed with a right ankle neuroma in April 1978 causing compression of intermediate dorsal cutaneous nerve. Although the symptomatology of this condition included a loss of sensation in the right foot, there are no findings or mentions of pes planus or specific foot injuries in the service treatment records, despite examinations by neurosurgery, orthopedic, and physical therapy providers in April and May 1978. The Veteran testified in May 2013 that he injured his feet during service, was placed on a physical profile for light duty, and was fitted with a cast. Service records verify the Veteran's light duty restrictions and cast, but these treatments were provided in response to a right ankle neuroma and sprain, not in response to a foot injury or pes planus. The Veteran's feet were also normal upon examination for separation in January 1979. Service records therefore do not support a finding that the Veteran incurred an additional bilateral foot disability due to any event during active duty.

The post-service record also indicates that the Veteran did not incur any additional disability due to a superimposed injury. Pes planus was first diagnosed after service on VA examination in February 2012, more than 30 years after service. The Veteran testified that he continued to experience pain related to his flat feet after discharge, but managed the condition for years without seeking medical treatment. He was also able to work in occupations that required a great deal of standing and walking, such as a car salesman and painter, despite the presence of bilateral pes planus. Furthermore, VA and private treatment records document findings of pes planus, but do not indicate that any additional disability is present due to a superimposed injury during service. The February 2016 VA examiner also specifically found in the October 2017 addendum report that the Veteran's congenital defect, i.e. pes planus, was not subject to a superimposed injury during service. 

The Board has again considered the statements and testimony of the Veteran regarding the incurrence of an additional disability during service, but finds his lay statements are outweighed by the competent medical evidence against the claim, including service records which clearly and objectively document treatment and findings pertaining to an acute right ankle problem. The preponderance of the evidence therefore establishes that the Veteran's bilateral pes planus is congenital in nature and did not incur additional disability due to a superimposed disease or injury during service.

The Board will now address whether service connection is warranted for the Veteran's other diagnosed foot disorders: bilateral plantar fasciitis and heel spurs. As discussed above, the first element of service connection is demonstrated as current chronic disabilities are present. The second element of service connection, an in-service injury, is also present. Service records do not document any injuries specific to the feet, but the Veteran maintains that he incurred foot injuries associated with his duties as a supply clerk. The Veteran is competent to report such injuries and the Board, resolving any doubt in his favor, finds that an in-service injury occurred.

Turning to the third element of service connection, a nexus between the claimed disorders and in-service events or injuries, service records do not support the Veteran's claims. Although the Veteran was treated in April and May 1978 with loss of sensation of the right foot, this symptom was present in the context of an injury to the right ankle, not the feet. His feet were also normal on separation examination in January 1979. Thus, service records do not provide evidence in support of a link between the Veteran's plantar fasciitis, heel spurs, and any in-service event. Post-service treatment records also weigh against service connection, as there is no evidence of treatment or complaints pertaining to the feet until decades after service. There is no competent medical evidence of any foot disorder until July 1996, when X-rays at the VA Medical Center (VAMC) showed a small plantar calcaneal spur on the left foot, more than 15 years after the Veteran's discharge from active duty. The next complaint of foot pain dates from January 2011 - another 15 years later - during an annual examination at the VAMC. The absence of any clinical evidence for many years after service is one factor that weighs the evidence against a finding that the Veteran incurred a chronic foot disability due to service. Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000). 

Additionally, the record contains several medical opinions addressing the etiology of the Veteran's plantar fasciitis and heel spurs. The only medical opinions weighing in favor of service connection come from the Veteran's private podiatrist in December 2012 and November 2017. The private doctor generally found that the Veteran's foot problems were "due to his long periods of standing both in his military service and his current employment." The Board finds that the private medical opinions are of reduced probative value as they are not accompanied by any rationale indicating a meaningful review of the record, including service records. They appear to be based solely on the Veteran's own reported history, which as discussed in greater depth below, is not credible. The private opinions are also general and vague. The Board therefore finds that the December 2012 and November 2017 private opinions provide little support for the claim.

In contrast with the above, there are several medical opinions weighing against service connection. VA examiners in February 2012, February 2016, and December 2017 provided opinions against service connection for plantar fasciitis and heel spurs. These medical opinions identified other etiologies for the disabilities, including the Veteran's physically demanding post-service employment, his age and weight, and foot abnormalities associated with nonservice-connected pes planus. They were based on a full review of the claims file, including the Veteran's contentions, and are accompanied by well-reasoned and well-supported rationales. The Board therefore finds they are entitled to significant probative value. See Nieves- Rodriguez, supra.

The Board has also considered the Veteran's statements in this case reporting a history of foot pain since active duty service. Service connection is possible for certain chronic disabilities under 38 C.F.R. § 3.303(b) based on a continuity of symptomatology. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Plantar fasciitis and heel spurs are not "chronic disabilities" as defined in 38 C.F.R. § 3.309(a), but the Veteran's reports of continuous symptoms can still support the claim under 38 C.F.R. § 3.303(d). 

Lay statements, such as those made by the Veteran, are considered competent evidence when describing the features or symptoms of an injury or illness. Falzone v. Brown, Vet. App. 398 (1995). However, once evidence is determined to be competent, the Board must determine whether such evidence is also credible. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). In this case, the Board finds that the Veteran's reported history of continuing symptoms since service is not credible as it is inconsistent with the other evidence of record. Although the Veteran reports that he experienced the onset of chronic foot pain during service that has continued to the present day, service records do not document the incurrence of any injuries specific to the feet and show that his feet were normal upon examination for separation in January 1979. There is also no documentation of complaints or treatment related to the feet until almost 20 years after service. The lack of any medical treatment for decades after service is facially inconsistent with the Veteran's reported history of constant pain since active duty. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006) (finding that the Board may weigh the absence of contemporaneous medical evidence against the lay evidence in determining credibility). The Board further notes that it was not until after receipt of his claim for compensation that the Veteran first alleged a link between his claimed disabilities and service. The credibility of the Veteran's reported history is thus reduced based on the length of time that passed between service and his more recent statements provided in the context of claims for compensation. The Veteran's statements are accordingly outweighed by the competent medical evidence against the claim, including the VA medical opinions. Finally, the Board acknowledges that the Veteran is competent to report observable symptoms, such as the onset of foot pain, but finds that his opinion as to the cause of the pain simply cannot be accepted as competent evidence. Jandreau, 429 F.3d at 1377. 

In sum, the post-service medical record shows that the first evidence of the claimed disabilities was more than 15 years after the Veteran's separation from active duty service. In addition, the weight of the competent evidence is against a link between the Veteran's current bilateral plantar fasciitis and heel spurs and any incident of active duty service. The Board has determined that the lay statements of continuous symptoms since service are of limited credibility, and finds that the Veteran's pes planus is a congenital defect that was not subject to a superimposed injury during service. The preponderance of the evidence is against the claim for service connection for a chronic foot disability and the claim is therefore denied. 38 U.S.C. § 5107(b).


ORDER

Entitlement to service connection for a bilateral foot disability, to include pes planus, plantar fasciitis, and heel spurs, is denied.




____________________________________________
K. OSBORNE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs